By the Court—Moncrief, J.
At the time Nicolay was employed as auctioneer to sell the note in question, neither Lay nor Roberts was liable, as indorser of it, to any person.
*599 Had Nicolay then owned the note and had he transferred it as owner, (Lay & Roberts not being liable as indorsees,) the plaintiff, as purchaser of it from Nicolay, could not maintain an action against either indorser.
Being transferred after it was due, the indorsee would take it subject to all defenses existing in favor of the indorser or maker.
Nicolay did not sell it claiming to be the owner of it. He stated that he sold it “ for whom it might concern.” That was enough to induce an inquiry for the name of the principal or owner for whom the sale was made; if knowledge of that fact would affect the purchaser’s rights.
Nicolay did not profess to offer for sale a note on which the defendants were liable as indorsers, or which was to be indorsed by them on transferring it. But the thing offered for sale, as announced and described at the time, was a “ note for $595.80 of Charles A. Waterbury with collateral attached.” That fairly imports as I think, an offer to sell a note made by Waterbury, secured by the collateral attached to it and nothing more.
If Lay, instead of Nicolay, had made the sale, and had said, I offer to sell for Mr. Roberts or for myself and Roberts, a note (exhibiting it) of Charles A. Waterbury with collateral attached, and the plaintiff had then bought, I think it quite clear that a sale thus made would not, by the terms or fair import of such a contract, impose upon Lay or Roberts any liability as guarantor or indorser.
The sale having been made by Nicolay as an auctioneer, and having, at the time, been declared to be made for the benefit of whom it may concern, the plaintiff’s rights are not greater than they would have been, in the case last supposed.
If a delivery of the note, with the names of Lay & Roberts upon it as indorsers, is to be regarded of the same effect, as if they had written their names thereon, on delivering it to the plaintiff, then a subsequent demand of payment of the maker, and in case of non-payment notice thereof to the defendants, would be necessary, to maintain an action against them as indorsers of a note, indorsed after its maturity. (Leavitt v. Putnam, 1 Sand. S. C. R., 203; 3 Comst., 494.) No such demand has been made.
*600 In either view the defendants are not liable. Under the stipulation made at the trial and stated in the case, the verdict must be set aside and the complaint dismissed.